37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael Wayne LONG, aka Mulhammad De'Alsaacs, Plaintiff-Appellant,
v.
SECRETARY OF the Army; Commandant of the Marine Corps,
Defendants-Appellees.
 No. 94-5595.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order dismissing a pro se complaint for correction of a military record. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael Wayne Long, a Kentucky inmate and a frequent litigant in federal court, filed a complaint in which he questioned an allegedly improper discharge from the United States Marine Corps. The district court noted Long's complaint was deficient and gave him twenty days to cure the defect or face dismissal. Long did not cure the defect as directed, and the district court entered an order of dismissal. This appeal followed. Long has filed a brief in his own behalf and moves for the appointment of appellate counsel.
 
 
 3
 Long was apparently discharged from the United States Marine Corps in 1978 on grounds of unsuitability. He claims that he was not adequately represented at the proceedings and that his discharge was the result of a service-related head injury. The district court, alerting Long to the statutory exhaustion requirement, initially gave him twenty days to provide satisfactory proof that he exhausted his administrative remedies. The record and docket sheet reflect that Long did not file any further proof during the twenty day period.
 
 
 4
 One challenging an alleged error or injustice committed by the United States Marine Corps may do so in federal court under the provisions of 10 U.S.C. Secs. 1552 and 1553. Chief among these procedures is a requirement that the litigant exhaust his administrative remedies, in this case by filing a petition with the Board for Correction of Naval Records. 10 U.S.C. Sec. 1552. The complete absence of any proof that Long did so pursue his administrative remedies supports the district court's decision.
 
 
 5
 It is also noted that Long has litigated this claim unsuccessfully in prior actions. See Long v. Veterans Admin., No. 86-5851, 1986 WL 16210 (6th Cir. Nov. 7, 1986) (unpublished order); Long v. Healey, No. 86-5887, 1986 WL 16211 (6th Cir. Nov. 5, 1986) (unpublished order). The district court's decision is thus amenable to an affirmance on this basis. The appeal lacks merit.
 
 
 6
 Accordingly, the motion for appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.